**Slip Op. 12-3**

UNITED STATES COURT OF INTERNATIONAL TRADE

---

EPOCH DESIGN LLC,                          :

                         *Plaintiff*,      :

               v.                          :          Court No. 09-00463

UNITED STATES,                             :

                         *Defendant*.      :

---

[Defendant's Motion to Dismiss granted]

                                                  Dated:  January 3, 2012

      <u>Saul Davis</u>, Senior Trial Counsel, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant.  With him on the brief were <u>Tony West</u>, Assistant Attorney General, and <u>Barbara S. Williams</u>, Attorney in Charge.  Of counsel on the brief was <u>Beth C. Brotman</u>, Office of the Assistant Chief Counsel, International Trade Litigation, Bureau of Customs and Border Protection, U.S. Department of Homeland Security, of New York, NY.

# OPINION

RIDGWAY, Judge:

      Plaintiff Epoch Design LLC commenced this action to challenge the Bureau of Customs and Border Protection's liquidation of one entry of wooden bedroom furniture from the People's Republic of China ("PRC"), on which Customs assessed antidumping duties at the rate of 198.08% *ad valorem*.  Complaint ¶¶ 13-14.[1]  Epoch does not dispute that the merchandise at issue is subject to antidumping duties pursuant to Antidumping Duty Order A-570-890.  *Id*. ¶ 3.  However, Epoch contends that such duties should have been assessed at the rate of 6.65% *ad valorem*, and requests

---

      [1]The Bureau of Customs and Border Protection – part of the U.S. Department of Homeland Security – is commonly known as U.S. Customs and Border Protection.  The agency is referred to as "Customs" herein.

that the subject entry of merchandise be reliquidated at that rate.  *Id*. ¶¶ 11-12.

Pending before the Court is the Government's Motion to Dismiss, in which the Government argues that "[the] Court lacks jurisdiction over plaintiff's claims, and plaintiff's claims and allegations fail to state a claim upon which relief may be granted."  Defendant's Motion to Dismiss for Lack of Jurisdiction; *see also* Defendant's Memorandum in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction ("Def.'s Brief").[2]

As set forth more fully below, Defendant's motion must be granted, and this action must be dismissed.

## I.  Background

At issue in this action is Customs' liquidation of a single July 2004 entry of wooden bedroom furniture from the People's Republic of China, exported by Changshu HTC Import & Export Co., Ltd. ("Changshu HTC"), and imported by plaintiff Epoch Design LLC.  *See* Complaint ¶¶ 3, 9; Summons (listing only one entry, Entry No. NV5-0106299-0, and specifying July 2, 2004 as "Date of Entry"); Def.'s Brief at 1.

The U.S. Department of Commerce's Preliminary Determination in the underlying antidumping duty investigation mistakenly failed to list Changshu HTC.  *See* Notice of Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination: Wooden Bedroom Furniture From the People's Republic of China, 69 Fed. Reg. 35,312, 35,327-28 (June 24, 2004); Complaint ¶ 9.  Commerce corrected that error in the agency's Second Amended Preliminary

---

[2]Epoch has filed no response to the Government's Motion to Dismiss.

Determination, which specified that Changshu HTC's exports of wooden bedroom furniture were subject to an antidumping duty deposit rate of 12.91% *ad valorem*.  *See* Notice of Amended Preliminary Antidumping Duty Determination of Sales at Less Than Fair Value and Amendment to the Scope: Wooden Bedroom Furniture From the People's Republic of China, 69 Fed. Reg. 54,643, 54,645 (Sept. 9, 2004) ("Second Amended Preliminary Determination"); Complaint ¶ 10.

At the Final Determination stage, Commerce concluded in its Amended Final Determination that Changshu HTC's exports were subject to antidumping duties at the rate of 6.65%.  *See* Final Determination of Sales at Less Than Fair Value: Wooden Bedroom Furniture From the People's Republic of China, 69 Fed. Reg. 67,313, 67,317 (Nov. 17, 2004) ("Final Determination") (indicating that Changshu HTC's exports were subject to antidumping duties at rate of 8.64%), *as amended by* Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture From the People's Republic of China, 70 Fed. Reg. 329, 330 (Jan. 4, 2005) ("Amended Final Determination") (correcting Changshu HTC's antidumping duty rate to 6.65%); Complaint ¶ 11.

Although Epoch states that it is not privy to the liquidation instructions that Commerce provided to Customs, the Government notes that "corrected and amended liquidation instructions" were issued.  *See* Def.'s Brief at 7; Complaint ¶ 12.  In any event, when Customs liquidated the subject entry of merchandise on March 28, 2008, Customs assessed antidumping duties at the "PRC-Wide" rate of 198.08%, rather than at the 6.65% rate.  *See* Complaint ¶¶ 13-14; Summons (specifying March 28, 2008 as "Date of Liquidation"); Amended Final Determination, 70 Fed. Reg.

at 330; Def.'s Brief at 5.[3]

Epoch asserts that its protest, filed on September 24, 2008, was "timely filed."  *See*
Complaint ¶ 7; Protest No. 2704-08-103278; Summons (specifying September 24, 2008 as "Date
Protest Filed"); Def.'s Brief at 5.  Customs subsequently denied the protest.  *See* Summons
(specifying May 7, 2009 as "Date Protest Denied"); Complaint ¶¶ 1-2, 4.  Epoch commenced this
action on October 29, 2009, with the filing of its Summons and Complaint.  *See* Summons (Oct. 29,
2009); Def.'s Brief at 6; *see also* Complaint (Oct. 29, 2009).  Thereafter, Epoch paid the assessed
antidumping duties, together with the interest that had accrued due to late payment – although its
Complaint asserts that the duties were paid before this action was commenced.  *See* Complaint ¶ 5.
Epoch made partial payment of the duties and accrued interest on February 5, 2010, and paid the
remaining balance on March 3, 2010.  *See* Def.'s Brief at 6.

In its Complaint, Epoch asserts that it is "contest[ing] the denial of a protest by Customs"
and that Customs "incorrectly implemented a final decision by the Department of Commerce."  *See*
Complaint ¶ 1.  The Complaint further states that jurisdiction lies "under 28 U.S.C. §§ 1581(a) or
1581(i) because [the case] involves the denial of a protest and the improper administration and
enforcement of the antidumping law."  *See* Complaint ¶ 2; *see also id.* ¶ 4.  Among other things,
Epoch requests that this matter "be remanded for . . . appropriate action by Customs and Border

---

[3]In determining antidumping duty rates in its investigation of Wooden Bedroom Furniture,
Commerce assigned individual rates to mandatory respondents, an all-others separate rate to
companies that demonstrated both *de facto* and *de jure* independence from government control, and
a "PRC-Wide" rate of 198.08% to companies that did not demonstrate sufficient independence from
the government of the PRC.  *See* Final Determination, 69 Fed. Reg. at 67,317-19, *as amended by*
Amended Final Determination, 70 Fed. Reg. at 330-32.

Protection to reliquidate the entry in accordance with law and implement the determination of the

Commerce Department . . . whereby . . . exports of Changshu HTC . . . are to be liquidated at the rate

of 6.65%." *See* Complaint, Prayer for Relief.

## II.  <u>Analysis</u>

The existence of subject matter jurisdiction is a threshold inquiry.  *See*, *e.g.*, <u>Steel Co. v.</u>

<u>Citizens for a Better Environment</u>, 523 U.S. 83, 94-95 (1998).  Where subject matter jurisdiction is

challenged, "'the burden rests on plaintiff to prove that jurisdiction exists.'" <u>Pentax Corp. v.</u>

<u>Robison</u>, 125 F.3d 1457, 1462 (Fed. Cir. 1997) (*quoting* <u>Lowa, Ltd. v. United States</u>, 5 CIT 81, 83,

561 F. Supp. 441, 443 (1983), *aff'd*, 724 F.2d 121 (Fed. Cir. 1984)), *modified in part*, 135 F.3d 760

(1998); *see also* <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); <u>Norsk</u>

<u>Hydro Canada, Inc. v. United States</u>, 472 F.3d 1347, 1355 (Fed. Cir. 2006).

Moreover, where – as here – a waiver of sovereign immunity is at issue, the language of the

statute must be strictly construed, and any ambiguities resolved in favor of immunity.  *See* <u>United</u>

<u>States v. Williams</u>, 514 U.S. 527, 531 (1995); <u>Blueport Co., LLC v. United States</u>, 533 F.3d 1374,

1378 (Fed. Cir. 2008) ("'[A] waiver of the Government's sovereign immunity will be strictly

construed, in terms of its scope, in favor of the sovereign.'") (*quoting* <u>Lane v. Pena</u>, 518 U.S. 187,

192 (1996)).  The limits of a waiver of sovereign immunity define a court's jurisdiction to entertain

suit.  *See* <u>Hercules, Inc. v. United States</u>, 516 U.S. 417, 422-23 (1996); <u>United States v. Boe</u>, 543

F.2d 151, 154-55 (C.C.P.A. 1976).

Pursuant to 19 U.S.C. §§ 1514(a) and (c) (2000),[4] the enumerated Customs determinations (including decisions such as the one at issue here) are deemed "final and conclusive" if they are not properly protested within 90 days, and if denied protests are not challenged in accordance with the terms of 28 U.S.C. §§ 2636 and 2637. *See* 19 U.S.C. § 1514(a) (providing that Customs decisions are "final and conclusive" absent properly filed protest, or properly filed civil action contesting denial of protest); 19 U.S.C. § 1514(c)(3) (specifying 90-day period for filing of protests); 28 U.S.C. § 2636(a) (requiring civil action challenging denial of protest to be filed within 180 days); 28 U.S.C. § 2637(a) (requiring payment of "all liquidated duties, charges, or exactions" prior to filing civil action challenging denial of protest); *see also* United States v. Boe, 543 F.2d at 154-55 (explaining that jurisdiction over an action challenging a denied protest lies only where a proper protest has been timely filed, the protest has been denied, and all required payments have been made, and emphasizing the "mandatory" nature of "[t]hose jurisdiction-conferring terms").

The proper, timely filing of a protest is thus a jurisdictional requirement; and, further, the denial, in whole or in part, of a protest is a precondition to the commencement of an action under 28 U.S.C. § 1581(a). *See* DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1319 (Fed. Cir. 2006). Similarly, "[a] civil action contesting the denial of a protest . . . may be commenced . . . only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced." *See* 28 U.S.C. § 2637(a). As such, like the timely filing of a protest, a plaintiff's payment in full of all duties and other charges and exactions is also a precondition to jurisdiction under 28 U.S.C. §

---

[4]Except as otherwise indicated, all statutory citations herein are to the 2000 edition of the United States Code.

1581(a).  *See* Heartland By-Products, Inc. v. United States, 568 F.3d 1360, 1363 n.3 (Fed. Cir.

2009); United States v. Boe, 543 F.2d at 155.

### A.  Jurisdiction Under 28 U.S.C. § 1581(a)

In the case at bar, a review of the underlying protest and the Summons indicates that Epoch

filed its protest on September 24, 2008 – approximately six months after Customs liquidated the

entry at issue, on March 28, 2008.  Because the protest was not filed within the 90-day period

following liquidation (as 19 U.S.C. § 1514(c)(3) then required),[5] Epoch's protest was not timely.

As discussed above, the timely filing of a protest is a prerequisite for jurisdiction under 28 U.S.C.

§ 1581(a).  Accordingly, jurisdiction under that provision of the statute does not lie here.

Moreover, even if Epoch had timely filed its protest (which it did not), jurisdiction under 28

U.S.C. § 1581(a) nevertheless still would not lie, for a second, wholly independent reason.  As

explained above, 28 U.S.C. § 2637(a) authorizes the filing of a civil action contesting the denial of

a protest "only if all liquidated duties, charges, or exactions have been paid at the time the action

is commenced."  *See* 28 U.S.C. § 2637(a).  In the instant case, however, Epoch did not pay the

assessed antidumping duties and accrued interest until March 3, 2010 – more than four months after

instituting this action.  Payment in full was a mandatory condition precedent to suit.  Epoch's failure

to make such payment prior to filing this action therefore precludes jurisdiction.

---

[5]In 2004, 19 U.S.C. § 1514(c)(3) was amended to extend the protest period from 90 days to 180 days as to entries filed on or after December 18, 2004.  *See* 19 U.S.C. § 1514(c)(3) (Supp. IV 2004).  However, the entry at issue in this action was filed in July 2004.  The 90-day protest period therefore applies here.

## B.  Jurisdiction Under 28 U.S.C. § 1581(i)

Finally, a review of Epoch's Complaint indicates that Epoch is challenging the actual liquidation of the subject entry – specifically, Customs' alleged failure to liquidate the entry at issue in accordance with Commerce's Amended Final Determination and "the corrected and amended liquidation instructions" that Commerce issued.  *See* Complaint ¶¶ 1, 13-14; Def.'s Brief at 7.[6]  The right to contest the correctness of a liquidation is governed by the terms of 19 U.S.C. § 1514(a) and 1514(c).  As discussed above, those provisions state, *inter alia*, that Customs decisions – including decisions concerning the liquidation of entries of merchandise (*see* 19 U.S.C. § 1514(a)(5)) – "shall be final and conclusive upon all persons" unless a protest is filed within 90 days after the notice of liquidation.  *See* 19 U.S.C. §§ 1514(a) & (c)(3).

As set forth above, however, Epoch failed to comply with the mandatory requirement of 19 U.S.C. § 1514(c)(3), governing the time for filing of its protest.  Nor did Epoch comply with other

---

[6]Significantly, Epoch's Complaint does not allege that Commerce's liquidation instructions were erroneous.  Instead, the Complaint contests Customs' denial of Epoch's protest, and contends that Customs "incorrectly implemented" Commerce's Amended Final Determination. *See* Complaint ¶ 1; *see also id.* ¶ 14 (asserting that "the collection of antidumping duties by Customs at the rate of 198.08% was contrary to the preliminary and final determinations by Commerce").  Thus, this case is readily distinguishable from cases in which the U.S. Court of Appeals for the Federal Circuit has held that jurisdiction under 28 U.S.C. § 1581(i) may be available to challenge Commerce's liquidation instructions, and that such challenges may not be brought under 28 U.S.C. § 1581(a) or (c).  *See*, *e.g.*, <u>Shinyei Corp. of Am. v. United States</u>, 355 F.3d 1297 (Fed. Cir. 2004) (finding jurisdiction under § 1581(i) appropriate when the liquidation instructions issued by Commerce were alleged to be non-conforming with the final results of administrative review); <u>Consol. Bearings Co. v. United States</u>, 348 F.3d 997 (Fed. Cir. 2003) (finding that, because plaintiff did not challenge Commerce's final determination, § 1581(c) was not, and could not have been, a source of jurisdiction in that case); <u>Mitsubishi Elecs. Am., Inc. v. United States</u>, 44 F.3d 973 (Fed. Cir. 1994) (finding that challenge to Commerce's automatic assessment policies was properly brought under § 1581(i), when a party failed to avail itself of the opportunity for administrative review, but concluding that action was barred under two-year statute of limitations).

jurisdictional requirements for instituting an action in this court. *See* 28 U.S.C. §§ 1581(a), 2636(a), & 2637(a). Although Epoch could have timely protested Customs' liquidation, paid the assessed duties and accrued interest in a timely fashion, and then commenced its action in this court to contest the denial of its protest, Epoch failed to do so. Because Epoch failed to take the actions necessary in order to preserve its rights, Customs' liquidation became "final and conclusive upon all persons," including both Epoch and the Government, by virtue of the plain and unambiguous language of 19 U.S.C. §§ 1514(a).

Thus, because the gravamen of Epoch's Complaint is the correctness of Customs' liquidation of the entry at issue, jurisdiction also cannot lie under the other statutory provision that Epoch cites – 28 U.S.C. § 1581(i), the provision governing the court's "residual jurisdiction." *See* Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987). It is well-established that jurisdiction under § 1581(i) is "strictly limited." *See* Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 359 (Fed. Cir. 1992). A plaintiff may not invoke § 1581(i) as a basis for jurisdiction where – as here – an adequate remedy was (or could have been) available under the straightforward protest and judicial review procedures established by Congress and set forth in 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a). *See, e.g.*, International Customs Prods., Inc. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (and cases cited there).

In this case, Epoch has not even attempted to argue that the typical avenue leading to review in this forum was in any sense "'manifestly inadequate.'" *See* Norcal/Crosetti Foods, 963 F.2d at 359 (*quoting* Miller & Co., 824 F.2d at 963; *citing* Nat'l Corn Growers Ass'n v. Baker, 840 F.2d 1547, 1557 (Fed. Cir. 1988)). Nor could Epoch reasonably have done so. Simply stated, Epoch may

not rely on § 1581(i) to "circumvent" the established, otherwise applicable prerequisites to the commencement of an action in this court.  *See* <u>Am. Air Parcel Forwarding Co. v. United States</u>, 718 F.2d 1546, 1549 (Fed. Cir. 1983).

### III.  <u>Conclusion</u>

For all the foregoing reasons, jurisdiction over this challenge to Customs' denial of Epoch's protest and Customs' liquidation of the subject entry of merchandise will not lie under either 28 U.S.C. § 1581(a) or 28 U.S.C. § 1581(i).  The Government's Motion to Dismiss therefore must be granted, and this action dismissed for lack of subject matter jurisdiction.

A separate order will enter accordingly.

`/s/ Delissa A. Ridgway`
_____
Delissa A. Ridgway
Judge

Decided:  January 3, 2012
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

---

EPOCH DESIGN LLC,                    :

                  *Plaintiff*,      :

        v.                              :          Court No. 09-00463

UNITED STATES,                       :

             *Defendant*.        :

---

## JUDGMENT

This action having been duly submitted for decision; and the Court, after due deliberation, having rendered a decision herein;

NOW, therefore, in conformity with said decision, it is

ORDERED that Defendant's Motion to Dismiss is granted; and it is further

ORDERED, ADJUDGED, and DECREED that this action be, and hereby is, dismissed.


                             /s/ Delissa A. Ridgway
                              Delissa A. Ridgway, Judge

Dated:  January 3, 2012
       New York, New York